## JOHN E. HAYNES *vs.* CHARLES R. SAUNDERS.

The affidavit necessary under Rev. Sts. c. 90, § 111, to arrest the person in an action
of contract need not be indorsed upon the writ. If not in fact made before
service, the remedy is by a plea in abatement and not by a motion to dismiss.

The court in which an action is pending, has a discretionary power under *St.* 1852,
c. 312, to enlarge the time for filing affidavits of merits and answers.

IN this action of contract, commenced April 16th, 1852, the
defendant, at the return term, filed a motion to dismiss, because
the only service of the writ was by an arrest of the person,
and there was no affidavit indorsed on the writ authorizing an
arrest under Rev. Sts. *c.* 90, § 111. The action was continued
from term to term, until the September term, 1853, when the
motion to dismiss having been overruled, exceptions thereto
were allowed by the presiding judge. The plaintiff then
moved that the defendant be defaulted, because no affidavit of
merits, nor answer had been filed as required by *St.* 1852,
*c.* 312, to which the defendant objected, contending that the
plaintiff had waived his right to a default by the continuance,
and by arguing the motion to dismiss : and that it was in the
discretion of the court to extend the time within which the
affidavit and answer might be filed, but *Mellen*, J. in the
court of common pleas, ordered a default, to which the de-
fendant excepted.

*D. Saunders, Jr.* for the defendant.

*N. W. Harmon*, for the plaintiff.

DEWEY, J. 1. The motion to dismiss the action could be en-
tertained only upon the ground that upon the face of the writ
and return, there was no legal service of the same. If the
defect in the service arose from facts to be established by other
sources, the proper course was to file a plea in abatement.
The defect here relied on to sustain the motion, was the fact
that no proper oath had been taken by the plaintiff, or any one
in his behalf, agreeable to the requisitions of the statute regu-
lating arrests on *mesne process*. No certificate of such oath
appears on the face of the writ, and if the statute had required
a certificate of such oath thus taken to be indorsed on, or

annexed to the writ, the objection might have been taken on motion. But the law (Rev. Sts. *c*. 90, § 111,) does not require any certificate of the oath to be indorsed on the writ, but leaves the fact of taking the proper oath to be shown by evidence *aliunde*. The motion to dismiss does not therefore properly raise the question of fact whether such oath was duly made before the arrest. It's not appearing on the writ does not show that it was not taken, or that the service was not properly made. *Marsh* v. *Bancroft*, 1 Met. 497. The motion to dismiss was properly overruled.

2. As to the order of the court defaulting the defendant upon the ground that no affidavit of defence had been filed within fifteen days from the entry of the action, or any answer filed, we are of opinion that the court of common pleas had the discretionary power to extend the time within which the affidavit and answer might be filed, and that to this extent the ruling was wrong. This action was commenced under the act of 1851, *c*. 233, but was at the time of the refusal to extend the time for filing the oath, and making the answer, subject to the further provisions of the later act, regulating the proceedings and practice in actions at law, *St*. 1852, *c*. 312. As it seems to us, under the provisions of sections 10–35, and 86 of that act, the court of common pleas might have extended the time for filing the oath and the answer in the present case. From the bill of exceptions we understand that the presiding judge held that he had no discretion as to the matter of extending the time, and that he was limited to the single duty of ordering a default. The exceptions will therefore be so far sustained as to remit the cause to the court of common pleas to act upon the matter, under this view of their authority as held by this court.